D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
PANAGIOTIS ARMATAS, as an individual and as
parent and guardian of ALEXANDROS ARMATAS and
EVAGELOS,

                Plaintiff,

                                                     **ORDER**
-against -                            08-CV-310 (SJF)(RER)

ELENA MAROULLETI, THE CITY OF
NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, ERIC CHRISTOPHERSEN,
ROBERT EDWIN, STEVEN BORCHERS,
ALVIN GOMEZ, SGT. GOETZ, and CAREY ALPERT,

                Defendants.
-------------------------------------------------------------------

**FEUERSTEIN, J.**

On October 16, 2009, plaintiff Panagiotis Armatas ("Plaintiff") commenced this action in his own behalf and on behalf of his children against Elena Maroulleti ("Maroulleti") and the City of New York, New York City Police Department, Detective Eric Christophersen, Robert Edwin, Steven Borchers, Alvin Gomez, John Goetz of the New York City Police Department, and Carey Alpert ("Alpert") (collectively, "City Defendants"), alleging that Defendants violated 42 U.S.C. § 1983 ("Section 1983") and asserting state law torts. The City Defendants and Maroulleti each filed a motion to for summary judgment.

Pursuant to a referral dated September 17, 2010, Magistrate Judge Ramon E. Reyes Jr., dated October 19, 2010, recommended in a Report and Recommendation (the "Report") that (1) City Defendants' motion be granted in its entirety, and (2) Maroulleti's motion be granted in part and denied in part. Plaintiff filed his objections to the Report ("Obj.") on October 21, 2010.

1

Upon review of the Report and consideration of Plaintiff's objections, the objections are overruled and the Report accepted in part.

I. Discussion

A. Background

The following facts are undisputed. Plaintiff was arrested on July 31, 2006 by Detective Eric Christophersen for Aggravated Harrasment in the Second Degree, based upon on a complaint filed by Maroulleti. Complaint at ¶¶ 13-16; Amended Complaint at ¶ 57; City Defendant's Motion for Summary Judgment, ("S.J. Motion") Exhibit D. The complaint alleged that Plaintiff called her several times, and on one instance stated "I will do things to you and [y]our family you don't even know." S.J. Motion, Exhibit C.

Detective Christophersen, Robert Edwin, Steven Borchers, Alvin Gomez, and "Sergeant Goetz" participated in Plaintiff's arrest to varying degrees. *See* Amended Complaint at ¶¶ 54-161. When the police officers arrived to bring Plaintiff to the 114th precinct, Plaintiff was alone with his children and was unable to find anyone to watch them. Plaintiff's Deposition, S.J. Motion Exhibit I at 73-81. Detective Christophersen took Plaintiff and his children to the precinct where they waited for the police department to process the arrest. *Id.* Plaintiff was not handcuffed while he was with his children. *Id.* Later the detective took Plaintiff out of the room, placed handcuffs on him, and after fingerprinting him, removed the handcuffs him and brought him back to see his children. *Id.* Plaintiff was issued a ticket and given a court date. *Id.* at 82-

88.

Plaintiff's case was handled at the Queens County District Attorney's Office by Assistant District Attorney Carey Alpert ("Alpert"). *See* Amended Complaint at ¶¶ 162-187. Plaintiff rejected all offers of plea agreements. *Id.* at 57. Ultimately the case was dismissed pursuant to New York Criminal Procedure Law § 30.30 based upon Maroulleti's refusal to cooperate. *See* Declaration of Qiana Smith-Williams in Support of City Defendants' Motion for Summary Judgment., Exhibit. H, J at 108.[1]

Plaintiff claims that he never called Maroulleti, and argues that the report was falsely and maliciously filed by Maroulleti. Complaint at ¶ 23. Plaintiff further argues that by arresting and prosecuting him on the complaint, and by bringing his children to the police station, the Queens County law enforcement defendants violated his and his children's civil rights. *Id.* at ¶¶ 28-31.

B.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly,

---

[1] Plaintiff objects to this fact (Obj. at ¶ 9) but does not give a reason, or alternative reason that the case was dismissed.

No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Plaintiff's Objections

Plaintiff objects to the Report on the grounds that the Report fails to view the facts and reasonable inferences in the Plaintiffs favor, and that the Magistrate Judge has a bias as a result of his past employment by New York City. Plaintiff further objects to the Reports findings that the police had probable cause to arrest Plaintiff based on Maroulleti's report, that the police are entitled to qualified immunity, that there was no evidence of a municipal policy, and that Alpert is not entitled to absolute prosecutorial immunity by plea bargaining.

The majority of Plaintiff's objections had been raised in opposition to the motions for summary judgment. To the extent that the arguments have been made by the parties and decided by the Magistrate Judge, the Report is reviewed for clear error. Upon review the court is satisfied that the Report does not contain clear error except for the spelling of Plaintiff's child's

name which has been corrected in the caption above.

Plaintiff objects that the Report does not abide by the standard it articulates for determining a motion for summary judgment. "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (citations and quotation marks omitted). "A fact is material when it might affect the outcome of the suit under governing law." Id. An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Plaintiff argues that the Report fails to credit all factual inferences in his favor by counting the number of times the Report cites facts from the Defendants' moving papers, and from his opposition papers. Plaintiff is incorrect that the Report "should have only stated the facts as portrayed by Plaintiff." Plaintiff's Objections ("Obj.") at ¶ 1. The Report considered statements of the Defendants admitted to which Plaintiff objected, but did not support with evidence, pursuant to Local Rule 56.1(d). See Feis v. United States, 2010 WL 3818125 (2nd Cir. Oct 01, 2010).

Plaintiff objects to a portion of the factual summary of the Report which cites Maroulleti's affidavit in order to articulate her position. Obj. at ¶ 5. Plaintiff also objects to the determination that the manner in which Maroulleti's report was made is irrelevant, because it contradicts some of her earlier statements. Obj. at ¶ 8. Plaintiff finally objects that the Magistrate Judge relies on the legal reason the case was dismissed rather than the factual reason. Obj. at ¶ 9. Plaintiff does not explain how these three objections are relevant material facts that

5

would affect the outcome of the motion. The main issues to be decided in Plaintiff's case are whether Maroulleti filed a false complaint, whether the police department had probable cause to make an arrest, and whether the assistant district attorney is entitled to immunity for prosecuting Plaintiff upon that arrest. The facts cited by Plaintiff would not affect the outcome of the decision of these issues.

To the extent that Plaintiff's objections accuse the Magistrate Judge of judicial bias, Plaintiff has provided no evidence. Adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); see also Ming Yen Hou v. New York City Dept. of Envtl. Protection, 321 Fed.Appx. 60 (2d Cir. 2009). Plaintiff's bare allegations are not sufficient to challenge the Report for bias.

Plaintiff objects that the Report mistakenly finds that police officers are entitled to qualified immunity, i.e. whether, it was objectively legally reasonable for Detective Christophersen to arrest Plaintiff based upon Maroulleti's complaint. See Pearson v. Callahan, 129 S.Ct. 808, 822, 172 L.Ed.2d 565 (2009); Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034 (1987).

In New York, an arrest must be made upon a finding of probable cause. See People v. De Bour, 40 N.Y.2d 210, 352 N.E.2d 562 (1976). To the extent that Plaintiff objects to the Report's finding that the police officers had probable cause to arrest Plaintiff, the Report is reviewed de novo. When making an arrest, police officers may "rely on the victims' allegations that a crime has been committed." Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000); see also Singer v. Fulton Cnty. Sheriff, 63 F.3d 110 (2d Cir. 1995). Furthermore, the other officers were entitled to

rely on determinations by Detective Christophersen's determination that there was probable cause for arrest. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006). Detective Christophersen and the other officers made an arrest based upon Maroulleti's complaint that Plaintiff had committed the crime of Aggravated Harassment in the Second Degree. Plaintiff has not contended that the facts in the complaint do not make out the crime, but only that the detective should have done more investigation, and that the complaint was not signed, and cites case law. Obj. at ¶16-17. However, the cases cited by Plaintiff support the Report's finding that the police have probable cause to make an arrest based upon a complaint by a victim or eyewitness absent circumstances casting doubt upon the complainant's veracity. There is no evidence casting doubt on the veracity of the complaint except for Plaintiff's own denial of the factual allegations. Therefore, the officers had an objectively legal basis to find probable cause to arrest Plaintiff and are entitled to qualified immunity.

With respect to municipal liability, Plaintiff objects to the Report's finding that he did not submit any proof of a municipal policy which caused the deprivation of his constitutional rights, and that therefore, there is no basis for municipal liability. In his objection, Plaintiff points to his allegations that Maroulleti called a politician at some time during the events underlying this matter. This does not point to evidence of a municipal policy which deprived him of his constitutional rights.

Insofar as Plaintiff objects to the Report's finding that Alpert was entitled to prosecutorial immunity, the objection is reviewed de novo. "[P]rosecutors are absolutely immune from liability under Section 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the

7

criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1991)). Plaintiff does not challenge the law articulated in the report, but argues that plea bargaining is not intimately associated with the judicial phase of the criminal process. Plaintiff is incorrect. See Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir. 1981). Plaintiff's argument that repeated plea offers were "clear evidence of malice" (Obj at ¶ 31) has no basis in law or fact.

Plaintiff's objection to the finding that there is no private right of civil action for "falsification" pursuant to New York State Penal Law § 240.50 is reviewed de novo. Plaintiff's claim arises from the penal law. As the statute does not specifically grant a private right of action, the court will only imply one if three factors are met: "(1) plaintiff must be one of the class for whose benefit the statute was enacted; (2) recognition of a private right of action must promote the legislative purpose; and (3) creation of such a right must be consistent with the legislative scheme." Hammer v. American Kennel Club, 304 A.D.2d 74, 79, 1 N.Y.3d 294, 299 (App. Div. 2003) (citations omitted). Assuming, without deciding, that Plaintiff meets factors one and two, a private right of action is inconsistent with the legislative scheme. The statute designates falsely reporting an incident as a misdemeanor and is included in the Penal Law, giving police officers the ability to enforce its provisions. The "inclusion of a complete scheme for enforcement of [the statute's] provisions precludes the possibility that it intended enforcement by private individuals as well." Id.; see also Kwasnik v. City of N.Y., 298 A.D.2d 502, 502 (App. Div. 2002) (plaintiff failed to demonstrate a private right of action is implied in Penal Law § 250.40). Therefore, there is no private right of action in Penal Law § 240.50.

Plaintiff's other complaints fail to raise specific objections to the Report. In any event,

8

Magistrate Judge Reyes's Report contains no clear error, and therefore, Plaintiff's general objections are overruled.

No objections have been filed by the City Defendants or by Maroulleti. Upon review, the Court is satisfied that the report is not facially erroneous. Accordingly the Court accepts and adopts the Report except as described below.

C. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); Lyndonville Sav. Bank & Trust Co. V. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the court *sua sponte*. Bender, 475 U.S. at 541. If subject matter jurisdiction is lacking, the action must be dismissed. Id.; Fed. R. Civ. P. 12(h)(3).

Plaintiff has brought the instant matter arguing that this Court has jurisdiction pursuant 28 U.S.C. §§ 1331 as the Section 1983 claim arises under federal law. Amended Complaint at ¶ 43. Plaintiff's argues that there is jurisdiction over his state court claims "upon pendent jurisdiction." *Id.* As the only remaining claims are the two state court claims against Marouletti, this Court declines pendent jurisdiction over the remaining claims.

Plaintiff does not allege the citizenship of diversity of citizenship pursuant to 28 U.S.C. § 1332. The Plaintiff alleges that he and Maroulleti are residents of the state of New York. *Id.* Therefore, this court does not have subject matter jurisdiction over Plaintiff's claims in diversity.

Furthermore, insofar as this court only had supplemental jurisdiction or "pendent jurisdiction" over the remaining state law claims and the related federal claims no longer stand, the court no longer retains jurisdiction over the false arrest and malicious prosecution claims against Maroulleti. "Federal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment." Walker v. Time Life Films, Inc., 784 F.2d 44 (2d Cir. 1986); see also Kavit v. A. L. Stamm & Co., 491 F.2d 1176 (2d Cir. 1974). Given the nature of the remaining claims, and the fact that summary judgment motions have been granted as against all other claims for all other defendants, this court will not exercise pendent jurisdiction over the remaining state law tort claims.

II. Conclusion

Plaintiff's objections are overruled and the Report is accepted in part in that, (1) City Defendants' motion for summary judgement is granted in its entirety; (2) Maroulleti's summary judgment motion is granted as to all claims except the remaining state law claims articulated in the Report; and (3) Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

October 22, 2010
Central Islip, New York