FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 13 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PANAGIOTIS ARMATAS, as an individual and as parent and guardian of ALEXANDROS ARMATAS and EVAGELOS,

                Plaintiff,

- against -

ELENA MAROULLETI, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, ERIC CHRISTOPHERSEN, ROBERT EDWIN, STEVEN BORCHERS, ALVIN GOMEZ, SGT. GOETZ, and CASEY ALPERT,

                Defendants.
------------------------------------------------------------X

**ORDER**
08-CV-310 (SJF)(RER)

FEUERSTEIN, J.

Before the Court is plaintiff's motion for reconsideration [Docket Entry No. 149] of the Court's October 25, 2011 order, which denied plaintiff's motions for sanctions.

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"). Local Rule 6.3 is "narrowly construe[d] and strictly appl[ied] . . . so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich, Ltd., 745 F.Supp.2d 379, 382 (S.D.N.Y. 2010). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation

1

omitted) (internal quotation marks omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration "are committed to the sound discretion of the district court." East Coast Resources, LLC v. Town of Hempstead, 707 F.Supp.2d 401, 412-13 (E.D.N.Y. 2010).

Plaintiff has failed to identify any facts or legal authority that the Court overlooked or misapprehended in its October 25, 2011 order. Therefore, plaintiff's motion is denied in its entirety. See Shrader, 70 F.3d at 257. In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including mailing a copy of this order to the pro se plaintiff, and shall record such service on the docket.

**SO ORDERED.**

/s/ SANDRA J. FEUERSTEIN

Sandra J. Feuerstein
United States District Judge

Dated:  December 13, 2011
         Central Islip, New York

2