UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PANAGIOTIS ARMATAS,

               Plaintiff,

               **ORDER**
-against-               08-CV-0310 (SJF)(RER)

ELENA MAROULLETI, THE CITY OF NEW
YORK, THE NEW YORK CITY POLICE
DEPARTMENT, ERIC CHRISTOPHERSEN,
ROBERT EDWIN, STEVEN BORCHERS, ALVIN
GOMEZ, SGT. GOETZ, and CASEY ALPERT,

               Defendants.
-----------------------------------------------------------X

FEUERSTEIN, J.

On July 29, 2009, plaintiff Panagiotis Armatas ("plaintiff") filed an amended complaint against Elena Maroulleti ("Maroulleti") and the City of New York, New York City Police Department, Detective Eric Christophersen, Robert Edwin, Steven Borchers, Alvin Gomez, John Goetz of the New York City Police Department, and Carey Alpert (collectively, "City Defendants"), alleging that defendants violated 42 U.S.C. § 1983 ("Section 1983") and asserting state law tort claims. [Docket Entry No. 41]. The City Defendants and Maroulleti each filed a motion for summary judgment. [Docket Entry Nos. 95, 100].

On October 19, 2010, Magistrate Judge Ramon E. Reyes, Jr. issued a Report and Recommendation (the "Report"), recommending that: (1) the City Defendants' motion be granted in its entirety; and (2) Maroulleti's motion be granted in part and denied in part. [Docket Entry No. 130]. On October 21, 2010, plaintiff filed objections to the Report. [Docket Entry No. 139]. On October 22, 2010, this Court overruled plaintiff's objections and adopted the Report, in part, by: (1) granting the City Defendants' motion for summary judgment in its

entirety; (2) granting Maroulleti's summary judgment motion as to all claims except the remaining state claims of false arrest and malicious prosecution; and (3) dismissing plaintiff's remaining state claims for lack of subject matter jurisdiction. [Docket Entry No. 140].

Judgment dismissing the complaint was entered on October 22, 2010 (the "Judgment"). [Docket Entry No. 141]. On November 9, 2010, plaintiff filed a notice of appeal. [Docket Entry No. 143]. On January 30, 2013, following a *de novo* review of this Court's order granting summary judgment, the United States Court of Appeals for the Second Circuit issued a summary order affirming the Judgment of this Court. [Docket Entry No. 159].

Now before the Court is plaintiff's motion seeking relief from the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Mot."). [Docket Entry No. 162]. For the reasons that follow, plaintiff's motion is DENIED.

I. Standard of Review

Federal Rule of Civil Procedure 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "'grand reservoir of equitable power to do justice in a particular case[,]' . . . [b]ut that reservoir is not bottomless." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). "[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances or extreme hardship." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. July 16, 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)).

II. Discussion

Plaintiff contends that prior judicial rulings in this matter evidence religious bias which required recusal prior to dismissal.[1] Therefore, according to plaintiff, the Judgment should be vacated pursuant to Rule 60(b)(6) because judicial disqualification was required under 28 U.S.C. §§ 455(a) and 455(b)(1).[2] Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides, in relevant part, that a judge "shall also disqualify himself . . . where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Plaintiff does not allege that Magistrate Judge Reyes or the Second Circuit panel that affirmed the Judgment harbored any religious bias, prejudice or partiality. Plaintiff's motion to vacate the Judgment does not address the fact that the determination that defendants were entitled to summary judgment was initially made by Magistrate Judge Reyes and subsequently affirmed by the Second Circuit after a *de novo* review.

---

[1] Specifically, plaintiff contends that "Judge Feuerstein should have disqualified herself when defendant Maroulleti, in her affidavit in support of her summary judgment motion, informed the court that she (Maroulleti) is Jewish, indicating that she expected favorable treatment by the judge." Mot. 3. Plaintiff alleges that instead of asking another judge to preside, [Judge Feuerstein] stayed in the case and knowingly made a decision motivated by racial and religious bias, prejudice and partiality," and "used a federal court of the United States to retaliated [sic] and take revenge against the non Jew plaintiff." Mot. 6.

[2] The Court interprets plaintiff's motion as seeking: (1) vacatur of the Judgment pursuant to Rule 60(b)(6); and (2) judicial disqualification pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1). Plaintiff's request for judicial disqualification is moot because this action has already been terminated. "However, reading this *pro se* litigant's papers liberally, the Court will interpret this portion of Plaintiff's motion as asserting that the judgment should be vacated . . . because judicial disqualification was required under 28 U.S.C. § 455 prior to dismissal." *Lipin v. Hunt*, 573 F. Supp. 2d 830, 834 (S.D.N.Y. 2008). For purposes of this motion, the Court assumes *arguendo* that vacatur might be warranted under such grounds.

3

In any event, judicial rulings alone are insufficient to establish bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."). Furthermore, "[c]ourts have repeatedly held that matters such as race or ethnicity are improper bases for challenging a judge's impartiality." *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 138 F.3d 33, 37 (2d Cir. 1998). The same applies to a judge's religious beliefs. *See e.g., Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. Nov. 30, 2011) (summary order) ("Appellants' claim that any district or circuit judge who is Roman Catholic must recuse himself from the case is totally without merit."); *United States v. Nelson*, No. CR-94-823, 2010 WL 2629742, at *6 (E.D.N.Y. June 28, 2010) (denying defendant's motion "to recuse a United States district judge from exercising his responsibilities solely because of his religious beliefs"); *United States v. El-Gabrowny*, 844 F.Supp. 955, 961-62 (S.D.N.Y. 1994) (accusations of judge's religious affiliation did not demonstrate bias requiring recusal). Therefore, the Court finds there were no grounds for judicial disqualification pursuant to Section 455 and there is no basis to vacate the Judgment.

III. Conclusion

For the foregoing reasons, plaintiff's motion to vacate the Judgment is denied.

**SO ORDERED.**

                                          s/ Sandra J. Feuerstein
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated: February 4, 2014
       Central Islip, New York