UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PANAGIOTIS ARMATAS,

             Plaintiff,

     -against-

ELENA MAROULLETI, THE CITY OF NEW
YORK, THE NEW YORK CITY POLICE
DEPARTMENT, ERIC CHRISTOPHERSEN,
ROBERT EDWIN, STEVEN BORCHERS, ALVIN
GOMEZ, SGT. GOETZ, and CASEY ALPERT,

             Defendants.
----------------------------------------------------------X

**ORDER**
08-CV-0310 (SJF)(RER)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUL 24 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On July 29, 2009, plaintiff Panagiotis Armatas ("plaintiff") filed an amended complaint against Elena Maroulleti ("Maroulleti"), and the City of New York, New York City Police Department, Detective Eric Christophersen, Robert Edwin, Steven Borchers, Alvin Gomez ("Gomez"), John Goetz of the New York City Police Department, and Carey Alpert (collectively, "City Defendants"), alleging that defendants violated 42 U.S.C. § 1983 and asserting state law tort claims. [Docket Entry No. 41]. The City Defendants and Maroulleti each filed a motion for summary judgment. [Docket Entry Nos. 95, 100].

On October 19, 2010, Magistrate Judge Ramon E. Reyes, Jr. issued a Report and Recommendation (the "Report") that: (1) the City Defendants' motion be granted in its entirety; and (2) Maroulleti's motion be granted in part and denied in part. [Docket Entry No. 130]. On October 21, 2010, plaintiff filed objections to the Report ("Pl. Obj. to Report"). [Docket Entry No. 139]. On October 22, 2010, this Court overruled plaintiff's objections and adopted the Report ("10/22/2010 Order"), in part, by: (1) granting the City Defendants' motion for summary

judgment in its entirety; (2) granting Maroulleti's summary judgment motion as to all claims except the remaining state claims of false arrest and malicious prosecution; and (3) dismissing plaintiff's remaining state claims for lack of subject matter jurisdiction. [Docket Entry No. 140].

On October 22, 2010, judgment was entered dismissing the complaint and closing this action (the "Judgment"). [Docket Entry No. 141]. On November 9, 2010, plaintiff filed a notice of appeal of the Judgment. [Docket Entry No. 143]. On May 30, 2012, following a *de novo* review of this Court's order granting summary judgment, the United States Court of Appeals for the Second Circuit ("Second Circuit") issued a summary order affirming the Judgment of this Court. *Armatas v. Maroulleti*, 484 F. App'x 576 (2d Cir. May 30, 2012) [Docket Entry No. 159]. On April 1, 2013, the Supreme Court of the United States ("Supreme Court") denied plaintiff's petition for writ of certiorari to review the Second Circuit's May 30, 2012 summary order. *Armatas v. Maroulleti*, 133 S.Ct. 1727, 185 L.Ed.2d 787 (2013). On June 3, 2013, the Supreme Court denied plaintiff's petition for rehearing of the denial of his petition for writ of certiorari. *Armatas v. Maroulleti*, 133 S.Ct. 2791, 186 L.Ed.2d 235 (2013).

On July 8, 2013, plaintiff filed a motion seeking relief from the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) ("First Motion for Reconsideration"). [Docket Entry No. 162]. On February 4, 2014, this Court denied plaintiff's First Motion for Reconsideration. [Docket Entry No. 169].

On October 18, 2013, plaintiff filed a motion for contempt of non-party Michael N. Gianaris ("Gianaris") pursuant to Rule 45 of the Federal Rules of Civil Procedure for failure to comply with a subpoena ("Motion for Contempt of Gianaris"). [Docket Entry No. 164]. On January 8, 2014, plaintiff filed a motion for contempt against Maroulleti, Gomez, "and their counsels Alan C. Kestenbaum (Kestenbaum) and Qianna Smith-Williams (Smith-Williams)"

pursuant to Rule 56(h) of the Federal Rules of Civil Procedure "for submitting affidavits and declarations in bad faith" ("Motion for Contempt of Defendants"). [Docket Entry No. 167]. On January 25, 2014, Kestenbaum filed a letter, on behalf of himself and Maroulleti, opposing the Motion for Contempt of Defendants ("K&M Opp."), and cross-moving for sanctions, attorneys' fees, and to renew their motion for taxation and costs ("K&M Costs Motion").[1] [Docket Entry No 168].

On February 14, 2014, plaintiff filed a motion for reconsideration of this Court's February 4, 2014 order denying the First Motion for Reconsideration ("Motion for Reconsideration"). [Docket Entry No. 171].

For the reasons that follow, plaintiff's motions are denied, and Maroulleti's and Kestenbaum's cross motion is granted in part and denied in part.

I. Analysis

    A. Motion for Reconsideration

Plaintiff's Motion for Reconsideration of the February 4, 2014 order denying the First Reconsideration Motion is denied.

    B. Motion for Contempt of Gianaris

According to plaintiff, he obtained a subpoena from the pro se clerk's office on June 25, 2009, which directed Gianaris to produce "certified copies and usage details for the phone number 718 545-3889 and for your cell phone number for the time period 6-24-06 to 8-28-2006" and to "[i]nclude incoming and outgoing calls when possible" (the "Subpoena"). Mot. for

---

[1] The K&M Costs Motion was originally submitted on November 22, 2010. [Docket Entry No. 144]. On November 25, 2011, this Court determined that the K&M Costs Motion, as well as the City Defendants' motion for taxation of costs, were premature in light of plaintiff's pending appeal of the Judgment, and denied the motions "without prejudice and with leave to renew upon final disposition of plaintiff's appeal." Order Denying Mot. for Taxation of Costs, Nov. 25, 2011 [Docket Entry No. 148], at 2-3.

Contempt of Gianaris, Ex. B. Plaintiff contends that "Gianaris never responded to the subpoena." Mot. for Contempt of Gianaris, at 3.

On October 18, 2013, nearly three (3) years and four (4) months after the Subpoena was issued, and three (3) years after judgment was entered closing this case, plaintiff filed the instant motion pursuant to Rule 45 of the Federal Rules of Civil Procedure seeking an order holding Gianaris in contempt for failing to comply with the Subpoena. [Docket Entry No. 164]. Upon termination of this action on October 22, 2010, all outstanding discovery requests, including the Subpoena, were terminated. Plaintiff's motion to hold non-party Gianaris in contempt for failing to comply with the Subpoena is untimely and moot. *See Dluhos v. Floating & Abandoned Vessel Known as New York*, 979 F.Supp. 138, 141 (N.D.N.Y. 1997) ("In light of the dismissal of this action, [plaintiff's] motions . . . for sanctions against [claimaint] for discovery violations are moot."), *aff'd*, 162 F.3d 63 (2d Cir. 1998); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 757 (7th Cir. 1994) (holding that unreasonable delay rendered motion for sanctions untimely where plaintiff had "obvious suspicion that [defendant's] responses were incomplete or false" years before, but "let the matter rest"). Accordingly, plaintiff's motion to hold non-party Gianaris in contempt is denied.

C. Motion for Contempt of Defendants

Plaintiff now moves pursuant to Rule 56(h) of the Federal Rules of Civil Procedure for an order holding defendant Maroulleti, and her attorney, Kestenbaum, and defendant Gomez, and his attorney, Smith-Williams, in contempt for submitting affidavits and declarations in bad faith. Plaintiff has a history of filing similar motions for sanctions in this action, all of which have been denied.[2] The Court again declines to impose sanctions and plaintiff's Motion for Contempt of

---

[2] On June 11, 2009, plaintiff filed a motion for sanctions under Rule 11(b) against Maroulleti's former attorney, which was denied on June 15, 2009. [Docket Entry No. 33]. On June 16, 2009, plaintiff

4

Defendants is denied. *See Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012) (denying 56(h) motion for sanctions because there was no evidence to rise to level of misconduct required for imposition of sanctions); *Baseball Quick, LLC v. MLB Advanced Media, L.P.*, No. 11 Civ. 1735, 2012 WL 1071230, at *5 (S.D.N.Y. Mar. 30, 2012) (declining to impose sanctions under 56(h) where any misstatements in declarations were either mistakes or were corrected).

Just as with plaintiff's previous motions for sanctions, the instant motion consists of the incoherent ramblings of an overly litigious plaintiff who is unsatisfied with the outcome of the litigation.[3] No matter how many times plaintiff asks this Court to change its determination, and

---

filed a motion for sanctions under Rule 11 against Kestenbaum. [Docket Entry No. 34]. On June 19, 2009, Magistrate Judge Reyes denied plaintiff's motion and noted that "no further motions for sanctions will be entertained absent compelling circumstances." On February 23, 2010, plaintiff filed a motion for sanctions against defense counsel, which was denied on February 22, 2010. [Docket Entry No. 67]. On March 3, 2010, plaintiff filed a motion for sanctions against the City of New York, which was denied on March 8, 2010. [Docket Entry No. 74]. On December 2, 2010, plaintiff filed motions for sanctions against defense counsel for filing "frivolous" bills of costs. [Docket Entry Nos. 145, 146]. On August 25, 2011, plaintiff filed a letter requesting that the Court decide his motions for sanctions filed on June 11, 2009 and June 16, 2009, both of which were previously denied on June 19, 2009. [Docket Entry No. 147]. On November 25, 2011, this Court issued an order in which it interpreted plaintiff's August 25, 2011 as a letter application to renew the previously denied June 11, 2009 and June 16, 2009 motions for sanctions, and denied those motions as well as plaintiff's motions filed on December 2, 2010. [Docket Entry No. 148]. On November 30, 2011, plaintiff filed a motion for reconsideration of this Court's November 25, 2011 order denying plaintiff's motions for sanctions, which this Court denied on December 13, 2011. [Docket Entry Nos. 149, 155]. On December 9, 2011, plaintiff filed a motion for sanctions against Smith-Williams, which was denied on December 13, 2011. [Docket Entry Nos. 153, 156].

[3] For example, plaintiff alleges that Kestenbaum, "in collusion with his client painted Plaintiff as the biggest anti-Semite of all times and as an obsessive criminal in an attempt to defile the court and influence the judge, who Kestenbaum knew or believed is Jewish, and to obstruct justice and to cover up the conspiracy of Maroulleti with the police and Gianaris to falsely arrest and maliciously prosecute a totally innocent American citizen, peaceful and non violent citizens, a senior citizen father of two small kids and a citizen, with no previous arrest and no criminal record, based on fabricated and false evidence." Mot. for Contempt of Defs., ¶ 48. Plaintiff continues his unintelligible diatribe in his reply to Maroulleti's and Kestenbaum's opposition to his Motion for Contempt of Defendants ("Pl.' Reply"). [Docket Entry No. 170]. For example, in responding to Maroulleti's assertion that plaintiff "has continued his harassment campaign through the never ending motions and applications for reconsideration that have required me to spend money on attorney fees without regard to the fact that they have been rejected by every Judge who has reviewed them from the Magistrate to the Supreme Court,"

regardless of the statutory provisions under which he does so,[4] the fact remains that plaintiff's claims have been considered and rejected, time and time again.[5] In light of plaintiff's intimation that he plans to continue to file more motions in this action,[6] plaintiff is hereby warned that this action is closed and the continued filing of frivolous motions shall not be tolerated. The filing of such frivolous motions are abusive to the judicial process, and the Court reserves its right to sanction the plaintiff if such conduct continues. *See Simon v. United States*, No. 12-CV-5416,

---

(Maroulleti Aff. in Opp. to Mot. for Contempt of Defs. [Docket Entry No. 168], ¶ 6), plaintiff states that "if Maroulleti does not want to spend money, all she has to do is to be a good citizen, to follow the law, not to lie under oath, not to make false accusations, not to file false police report to destroy innocent families with small kids and not to use her political friends to assist her in her crimes." Pl.' Reply, ¶ 22. Plaintiff also asserts that "if attorney Kestenbaum cares for the Jewish people, he should have reported fake Jew Maroulleti to Jewish organizations for using their suffering and crimes against the Jewish people to cover up her crime of filing false police report and her conspiracy with Gianaris and the police to falsely arrest and malicious prosecute an innocent citizen and to defile and defraud the federal courts of America." *Id.*, ¶ 15.

[4] Plaintiff argues that the instant contempt motion is not repetitive of his earlier motions for sanctions filed under Rule 11(b) of the Federal Rules of Civil Procedure because "[t]his is the first motion Plaintiff filed under Rule 56(h)." Pl.' Reply, ¶ 8. Regardless of the statutory provision under which plaintiff moves, the effect is the same – plaintiff seeks to have this Court impose sanctions upon defendants and their counsel for submitting information to the Court that plaintiff purports to be false.

[5] As plaintiff himself summarized in his first motion for sanctions under 11(b), "Plaintiff sued Maroulleti for filing a false police report and causing plaintiff's false arrest." Mot. for Sanctions, June 11, 2009 [Docket Entry No. 33], at 1. The instant motion for contempt, in essense, seeks to reargue his prior claims regarding the alleged falsehoods of: (i) Maroulleti's police report and documents relating to that complaint; (ii) Maroulleti's deposition transcript; and (iii) affidavits and declaration submitted by defendants and their counsel in support of their motions for summary judgment, which attached the documents that plaintiff contends are false. Plaintiff also raised the same claims regarding the alleged falsehoods of the police complaint in his objection to the Report. *See* Pl.' Obj. to Report, ¶¶ 5, 8. In this Court's order overruling those objections and adopting the Report, this Court resolved in defendants favor the issues of "whether Maroulleti filed a false complaint, [and] whether the police department had probable cause to make an arrest," and dismissed plaintiff's complaint. 10/22/2010 Order, at 5. The October 22, 2010 dismissal was affirmed by the Second Circuit, and the Supreme Court subsequently denied plaintiff's petition for a writ of certiorari and a petition for rehearing. Plaintiff again sought to relitigate these issues in the First Motion for Reconsideration, which was also denied.

[6] *See* Pl.' Reply, at 13 ("Plaintiff and his children will continue to seek justice and will file any motion under the law. Judgment obtained by fraud never becomes final.").

2013 WL 210188, at *1 (warning plaintiff that he may be subject to a filing injunction and/or the imposition of monetary sanctions if he continues to file frivolous motions).

      D.      Maroulleti's and Kestenbaum's Cross Motion

Maroulleti and Kestenbaum cross-move for "sanctions,[7] attorneys fees and Taxation of Costs." K&M Opp., at 1. Insofar as Maroulleti and Kestenbaum seek attorneys' fees for the Motion for Contempt of Defendants, that application is denied. In light of the final disposition of plaintiff's appeal, Maroulleti's and Kenstenbaum's request to renew the K&M Costs Motion is granted.[8] See Armatas v. Maroulleti, 133 S.Ct. 2791, 186 L.Ed.2d 235 (June 3, 2013) (denying plaintiff's petition for rehearing of the denial of his petition for writ of certiorari). Accordingly, upon consideration of the K&M Costs Motion, the Court concludes that Maroulleti and Kestenbaum are entitled to a judgment in the amount of three thousand three dollars and fifty cents ($3,003.50).[9]

---

[7] Specifically, Maroulleti and Kestenbaum request that "the Plaintiff be precluded from filing any further motions unless he has first obtained permission of the Court." K&M Opp., at 3. However, "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, Maroulleti's and Kestenbaum's cross motion is denied insofar as it requests that this Court impose sanctions. However, plaintiff has been warned that the continued filing of frivolous motions may result in the imposition of sanctions.

[8] The City Defendants have not sought to renew their motion for Taxation of Costs, filed on November 17, 2010. [Docket Entry No. 142]. Therefore, the Court does not consider the City Defendants' motion for taxation of costs.

[9] Maroulleti's and Kestenbaum's motion for taxation of costs seek a total of three thousand two hundred ninety-eight dollars and fifty cents ($3,298.50). K&M Costs Mot., at 4. The itemized receipts submitted with the motion reflect a total of three thousand three dollars and fifty cents ($3,003.50) for various deposition-related services (*id.*, at 6-13), and two hundred ninety-five dollars ($295.00) for "meteorological records and analysis, lightning report, July 17 – 19, 2007" (*id.*, at 13). Because the necessity of such a meteorological report is unclear, the Court declines to award costs for the report.

II. Conclusion

Plaintiff's Motion for Reconsideration of the February 4, 2014 order denying the First Reconsideration Motion is denied. Plaintiff's Motion for Contempt of Gianaris and Motion for Contempt of Defendants are also denied.

Maroulleti's and Kestenbaum's cross motion is granted in part and denied in part. Insofar as Maroulleti and Kestenbaum seek attorneys' fees for the Motion for Contempt of Defendants, that application is denied. Insofar as Maroulleti and Kestenbaum request that "the Plaintiff be precluded from filing any further motions unless he has first obtained permission of the Court," the motion is denied. However, plaintiff is hereby warned that this action is closed and the continued filing of frivolous motions may result in the imposition of sanctions. Insofar as Maroulleti and Kestenbaum seek to renew the K&M Costs Motion, that application is granted. Maroulleti and Kestenbaum are entitled to a judgment in the amount of three thousand three dollars and fifty cents ($3,003.50). The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: July 24, 2014
Central Islip, New York