FILED
CLERK
9/21/2015 2:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PANAGIOTIS ARMATAS,

            Plaintiff,

  -against-

ELENA MAROULLETI, THE CITY OF NEW
YORK, THE NEW YORK CITY POLICE
DEPARTMENT, ERIC CHRISTOPHERSEN,
ROBERT EDWIN, STEVEN BORCHERS, ALVIN
GOMEZ, SGT. GOETZ, and CASEY ALPERT,

            Defendants.
------------------------------------------------------------X

**ORDER**
08-CV-0310 (SJF)(RER)

FEUERSTEIN, J.

    Plaintiff, Panagiotis Armatas ("Armatas" or "Plaintiff") has: 1) moved for reconsideration of this Court's July 24, 2014 Order denying his second motion for reconsideration; 2) urged this Court to rule on his February 4, 2014 "cross-motion" for general relief; and 3) moved to set aside the Court's October 22, 2010 judgment adjudicating and terminating his case. For the reasons stated below, Plaintiff's motions are denied.

    Furthermore, Plaintiff is warned that repeatedly filing frivolous motions in this Court will not be tolerated. Plaintiff is placed on notice—again—that, if he persists with his present conduct, this Court may impose a filing injunction and monetary sanctions against him.

**I.    Background**

    *A.    Direct Appeals*

    In July 2009, Armatas filed an amended complaint against defendants Elena Maroulleti ("Maroulleti"), and the City of New York, the New York City Police Department, Eric

Christophersen, Robert Edwin, Steven Borchers, Alvin Gomez ("Gomez"), and John Goetz of the New York City Police Department, and Carey Alpert (collectively, the "City Defendants" and, with Maroulleti, the "Defendants"), alleging that Maroulleti made a false accusation about Armatas that led the police to arrest Armatas. [Dkt. No. 41]. The City Defendants and Maroulleti each moved for summary judgment. [Dkt. Nos. 95, 100].

On October 22, 2010, this Court: (1) granted the City Defendants' motion for summary judgment in its entirety; (2) granted Maroulleti's summary judgment motion on all of Armatas's federal claims; and (3) dismissed Armatas's state claims for lack of subject matter jurisdiction (the "October 22, 2010 Order"). [Dkt. No. 140]. That same day, judgment was entered dismissing Plaintiff's complaint and closing the action (the "October 22, 2010 Judgment" or "Judgment"). [Dkt. No. 141].

In May 2012, the United States Court of Appeals for the Second Circuit affirmed in a summary order. *Armatas v. Maroulleti, et al.*, 484 F. App'x 576 (2d Cir. 2012). The Supreme Court of the United States ("Supreme Court") then denied Armatas's petition for writ of certiorari, *see Armatas v. Maroulleti, et al.*, 133 S.Ct. 1727, 185 L.Ed.2d 787 (2013), and his petition for rehearing of the denial of his petition for writ of certiorari, *see Armatas v. Maroulleti, et al.*, 133 S.Ct. 2791, 186 L.Ed.2d 235 (2013). Plaintiff thus exhausted his direct appeals when the Supreme Court denied his petition for rehearing in June 2013.

### B. *Motions Before This Court*

On July 8, 2013, Armatas moved for reconsideration of the October 22, 2010 Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.") ("First Motion for Reconsideration"). [Dkt. No. 162]. Plaintiff also moved for contempt, in January 2014, against Maroulleti, Gomez, "and their counsels Alan C. Kestenbaum (Kestenbaum) and Qianna Smith-

Williams (Smith-Williams)" under F.R.C.P. Rule 56(h) "for submitting affidavits and declarations in bad faith" ("Motion for Contempt of Defendants"). [Dkt. No. 167].

On February 4, 2014, the Court denied Plaintiff's First Motion for Reconsideration ("First Order"). [Dkt. No. 169]. Later that same day, Plaintiff replied to the opposition of his Motion for Contempt of Defendants ("Reply") and, within his Reply, included a "cross motion" for this Court to order Maroulleti and Kestenbaum to "recant" and/or "remove" their allegedly false statements and proffered documents from the record ("Cross-Motion"). [Dkt. No. 170].

On February 14, 2014, Plaintiff moved for reconsideration of the First Order ("Second Motion for Reconsideration"). [Dkt. No. 171]. This Court denied his Second Motion for Reconsideration in an Order dated July 24, 2014 ("Second Order"). [Dkt. No. 172]. In the Second Order, the Court also denied Plaintiff's Motion for Contempt of Defendants, noting that "Plaintiff has a history of filing similar motions for sanctions in this action, all of which have been denied. . . . [P]laintiff's claims have been considered and rejected, time and time again." *Id.* The Second Order also warned Plaintiff that any additional filing of frivolous motions in this action may result in the imposition of sanctions against Plaintiff.

> In light of plaintiff's intimation that he plans to continue to file more motions in this action, plaintiff is hereby warned that this action is closed and the continued filing of frivolous motions shall not be tolerated. The filing of such frivolous motions are abusive to the judicial process, and the Court reserves its right to sanction the plaintiff if such conduct continues. . . . [P]laintiff has been warned that the continued filing of frivolous motions may result in the imposition of sanctions. . . . [P]laintiff is hereby warned that this action is closed and the continued filing of frivolous motions may result in the imposition of sanctions.

*Id.*

Despite that warning, however, Armatas filed his third motion for reconsideration two (2) months later on September 12, 2014 ("Third Motion for Reconsideration"). [Dkt. No. 175]. In the Third Motion for Reconsideration, Plaintiff asks this Court to reconsider its Second Order

3

and to rule on his February 4, 2014 Cross-Motion. *Id.* In October 2014, he additionally moved to set aside the Court's October 22, 2010 Judgment under F.R.C.P. Rule 60(d)(3) ("Rule 60(d) Motion"). [Dkt. No. 178].

For the reasons that follow, Plaintiff's Third Motion for Reconsideration, Cross-Motion, and Rule 60(d) Motion are all denied.

## II. Discussion

### A. *The Third Motion for Reconsideration*

In Armatas's Third Motion for Reconsideration, he fails to advance any previously unaddressed claims justifying reconsideration of the Second Order. The Third Motion for Reconsideration is therefore denied.

### B. *The Cross-Motion*

In his Cross-Motion, Armatas asks this Court to order Maroulleti "to recant and remove from the record all her false accusations" and her attorney (Kestenbaum) "to remove from the records all irrelevant material he submitted" to the Court. [Dkt. No. 170]. The substance of the Cross-Motion is substantively similar to Plaintiff's prior Motion for Contempt of Defendants, in which Plaintiff urged this Court to issue a contempt order against Maroulleti, Gomez, "and their counsels Alan C. Kestenbaum (Kestenbaum) and Qianna Smith-Williams (Smith-Williams) . . . for submitting affidavits and declarations in bad faith." [Dkt. No. 167]. This Court denied the Motion for Contempt of Defendants in its Second Order. Plaintiff has failed to raise any argument for why this Court should reconsider its Second Order. Accordingly, the Cross-Motion is denied.

## C. The Rule 60(d) Motion

In Plaintiff's Rule 60(d) Motion, he contends that this Court should vacate its October 22, 2010 Judgment pursuant to F.R.C.P. Rule 60(d)(3), because Maroulleti's accusations against him were allegedly fraudulent, and filings and statements by certain other Defendants in this Court were also purportedly false. [Dkt. No. 178].

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." F.R.C.P. 60(d)(3). "The requirements for relief under Rule 60(d)(3) are stringent and narrow." *Philips Lighting Co. v. Schneider*, No. 05-cv-4820, 2014 WL 4274182, at *5 (E.D.N.Y. Aug. 28, 2014) (citation and quotation marks omitted). Fraud upon the court must be established by "clear and convincing evidence" and is available only "to prevent a grave miscarriage of justice." *Id.* at *6 (citations omitted). Examples of fraud upon the court "include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge." *Id.* (citations omitted). Claims made pursuant to Rule 60(d)(3) are subject to a one-year (1) statute of limitations.

Almost five (5) years have passed since this Court entered judgment on October 22, 2010. [Dkt. No. 140]. Thus, Plaintiff's Rule 60(d) motion is untimely and may be denied on procedural grounds alone.

However, Plaintiff's Rule 60(d) Motion is also meritless, as it contains only conclusory assertions and speculation regarding the alleged falsity of the underlying police report and other filings in this Court, which are unsubstantiated and have been previously addressed by this Court in its Second Order. Plaintiff has presented no evidence, much less clear and convincing evidence, that a fraud has been perpetrated on this Court. Accordingly, the Rule 60(d) Motion is denied on both procedural and substantive grounds.

### D. *Sanctions and a Filing Injunction*

Plaintiff has now filed three (3) motions for reconsideration and one (1) motion to set aside the judgment within the one-and-a-half (1.5) years following the Supreme Court's denial of his petition for rehearing of the denial of his petition for writ of certiorari. In its Second Order, this Court admonished and warned Plaintiff about the consequences of filing frivolous motions. [Dkt. No. 172]. In apparent disregard of the Court's warning, however, Plaintiff filed his Third Motion for Reconsideration and Rule 60(d) Motion a mere three (3) months later.

Plaintiff is hereby warned that, if he continues to file frivolous motions that harass, and impose needless expense to, other parties and that unnecessarily burden this Court, he may be subject to a filing injunction and/or monetary sanctions. *See Simon v. United States*, No. 12-cv-5416, 2013 WL 210188, at *1 (E.D.N.Y. Jan. 17, 2013).

## III. Conclusion

For the reasons stated above, Plaintiff's Third Motion for Reconsideration, Cross-Motion, and Rule 60(d) Motion are all denied. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED.**

                                                s/ Sandra J. Feuerstein
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated: September 21, 2015
       Central Islip, New York