FILED
CLERK
6/21/2016 2:32 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PANAGIOTIS ARMATAS,

        Plaintiff,

  -against-

ELENA MAROULLETI, THE CITY OF NEW
YORK, THE NEW YORK CITY POLICE
DEPARTMENT, ERIC CHRISTOPHERSEN,
ROBERT EDWIN, STEVEN BORCHERS, ALVIN
GOMEZ, SGT. GOETZ, and CASEY ALPERT,

        Defendants.
----------------------------------------------------------------X

**ORDER**
08-CV-0310 (SJF)(RER)

FEUERSTEIN, J.

      Plaintiff Panagiotis Armatas ("Armatas" or "plaintiff") commenced this action against defendants Elena Maroulleti ("Maroulleti"), and the City of New York, the New York City Police Department, Eric Christophersen, Robert Edwin, Steven Borchers, Alvin Gomez ("Gomez"), and John Goetz of the New York City Police Department, and Carey Alpert (collectively, the "City Defendants" and, with Maroulleti, the "defendants"), pursuant to 42 U.S.C. § 1983 alleging that Maroulleti made a false accusation about Armatas that led the police to arrest him. Currently before the Court are five (5) motions in a case that was dismissed upon the grant of defendants' motion for summary judgment on October 22, 2010, over five years ago:

    1) plaintiff's motion for reconsideration of this Court's September 21, 2015 Order, *see* Docket Entry ("DE") [182];

    2) defendants' response to plaintiff's motion for reconsideration and cross-motion for sanctions, including a filing injunction, *see* DE [183];

    3) plaintiff's response to defendants' motion for sanctions and cross-motion for sanctions, *see* DE [184];

> 4) plaintiff's request for a ruling on his motions for reconsideration, and motion for reconsideration of the denial of his prior motion for recusal, *see* DE [185]; and
>
> 5) plaintiff's motion for reconsideration of this Court's July 24, 2014 Order denying his second motion for reconsideration and "request for a ruling on his cross motion," *see* DE [186].

For the reasons set forth herein, plaintiff's motions [182], [183], [185], and [186] are denied. Defendants' motion for sanctions is granted.

## I. BACKGROUND

### A. Direct Appeals

Familiarity with the prior proceedings in this case is assumed. In brief, this Court granted defendants' motions for summary judgment on October 22, 2010, dismissing all of plaintiff's federal claims, declining to exercise pendent jurisdiction over any state claims, and closing the case. *See* Order of October 22, 2010 ("10/22/10 Judgment"), DE [140]. The United States Court of Appeals for the Second Circuit affirmed in a summary order, *see Armatas v. Maroulleti,* 484 F. App'x 576 (2d Cir. 2012), and the United States Supreme Court denied Armatas's petition for writ of certiorari, *see Armatas v. Maroulleti,* 133 S.Ct. 1727, 185 L.Ed.2d 787 (2013), and his petition for rehearing of the denial of his petition for writ of certiorari. *See Armatas v. Maroulleti,* 133 S.Ct. 2791, 186 L.Ed.2d 235 (2013). Plaintiff thus exhausted his direct appeal when the Supreme Court denied his petition for rehearing in June 2013.

### B. Post-Dismissal Motions Before This Court

With his direct appeals exhausted, plaintiff, now appearing *pro se,* returned to this Court to continue to press his claims. On July 1, 2013, plaintiff filed his first motion for an order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the 10/22/10

Judgment. *See* Motion ("First Motion for Reconsideration")[1], DE [162]. The basis for this motion was the undersigned's failure to disqualify herself pursuant to 28 U.S.C. § 455 and "manifest injustice in the decision." On October 8, 2013, plaintiff filed a motion for contempt against non-party Michael Gianaris for failure to comply with a subpoena. *See* Motion ("Gianaris Contempt Motion"). On January 8, 2014, plaintiff filed a motion for contempt against defendants Maroulleti and Gomez and their attorneys under Rule 56(h) "for submitting affidavits and declarations in bad faith." *See* Motion ("Contempt Motion"), DE [167]. In response to defendants' opposition, plaintiff subsequently filed a "cross-motion" seeking an order removing allegedly false statements and/or documents from Maroulleti and her attorney from the record. *See* Reply ("Cross-Motion"), DE [170].

The First Motion for Reconsideration was denied by order dated February 4, 2014. *See* Order ("2/4/14 Order"), DE [169]. On February 14, 2014 plaintiff filed a motion for reconsideration of the 2/4/14 Order, arguing again that the undersigned should disqualify herself. *See* Motion ("Second Motion for Reconsideration"), DE [171].

By Order dated July 24, 2014, the Court denied the Second Motion for Reconsideration, the Gianaris Contempt Motion, and the Contempt Motion. Order ("7/24/14 Order"), DE [172]. The Gianaris Contempt Motion was denied as it related to a non-party subpoena issued prior to entry of Judgment in the case. As to the Contempt Motion, the order noted plaintiff's "history of filing similar motions for sanctions in this action, all of which have been denied." *Id.* The 7/24/14 Order also explicitly warned plaintiff that any additional filing of frivolous motions in this action may result in the imposition of sanctions against him:

> In light of plaintiff's intimation that he plans to continue to file more
> motions in this action, plaintiff is hereby warned that this action is closed

---

[1] Although the basis for relief is clearly Rule 60(b), the motion was defined in prior Orders as the first motion for reconsideration. To avoid confusion, that definition will be used in Order as well.

> and the continued filing of frivolous motions shall not be tolerated. The
> filing of such frivolous motions are abusive to the judicial process, and the
> Court reserves its right to sanction the plaintiff if such conduct continues. .
> . . [P]laintiff has been warned that the continued filing of frivolous
> motions may result in the imposition of sanctions. . . . [P]laintiff is hereby
> warned that this action is closed and the continued filing of frivolous
> motions may result in the imposition of sanctions.

*Id.*

Undeterred, plaintiff filed his third motion for reconsideration on September 12, 2014. *See* Motion, ("Third Motion for Reconsideration"). DE [175]. In the third motion, plaintiff asked this Court to reconsider the 7/24/14 Order and to rule on his February 4, 2014 Cross-Motion. *Id.* Plaintiff reacted to the Court's warnings regarding filing of frivolous motions by noting that "[c]alling a motion frivolous is a serious accusation," and that all the motions do is alert the Court to "the magnitude of the fraud perpetrated upon it by these defendants and their counsels." *Id.* at 4 (emphasis removed).

In October 2014, plaintiff filed his second motion to set aside the 10/22/10 Judgment, this time based upon fraud under Rule 60(d)(3). *See* Motion ("Rule 60(d) Motion")[2], DE [178]. He sought to remedy fraud upon the court, pointing to allegedly falsified documents and testimony. *Id.*

By Order dated September 21, 2015, the Court : (1) denied the Third Motion for Reconsideration of the 7/24/14 Order, finding that it failed to advance any previously unaddressed claims; (2) denied plaintiff's February 4, 2014 Cross-Motion, finding that it was substantively similar to plaintiff's Contempt Motion and that plaintiff raised no arguments warranting reconsideration of those issues; and (3) denied the Rule 60(d) motion, finding that the motion "contains only conclusory assertions and speculation regarding the alleged falsity of the

---

[2] Although the Court defined this motion as plaintiff's third motion for reconsideration in previous orders, the basis for relief is clearly Rule 60(d)(3).

underlying police report and other filings in this Court, which are unsubstantiated and have been previously addressed by this Court" in the 7/24/14 Order. *See* Order ("9/21/15 Order"), DE [180]. The 9/21/15 Order noted that plaintiff had been previously warned about the consequences of filing frivolous motions. While no sanctions were imposed, an additional warning was issued: "Plaintiff is hereby warned that, if he continues to file frivolous motions that harass, and impose needless expense to, other parties and that unnecessarily burden this Court, he may be subject to a filing injunction and/or monetary sanctions." *Id.* at 6.

**C. Current Motions before the Court**

Heedless of the Court's warnings, plaintiff on October 2, 2015 filed a motion for reconsideration of the 9/21/15 Order, again pointing to the alleged fabrication of evidence by defendants. Motion ("Fourth Motion for Reconsideration"), DE [182]. In response, defendant Maroulleti filed a motion for sanctions, specifically for a filing injunction and attorneys' fees incurred in responding to the most recent motion. *See* Motion ("Defendant's Sanctions Motion"), DE [183]. Plaintiff promptly cross-moved for sanctions, seeking reimbursement for his time and money and referral of Maroulleti's attorney to the Grievance Committee. *See* Motion ("Plaintiff's 2d Sanctions Motion"), DE [184].

With the Fourth Motion for Reconsideration already pending, plaintiff on October 30, 2015 filed yet another motion, this time arguing that the Court has not ruled upon motions he allegedly filed in September 2014 in which he sought reconsiderations of rulings made in the 7/24/14 Order. *See* Motion ("Fifth Motion for Reconsideration"), DE [185]. He claims that he filed a motion for reconsideration of the Contempt Order on September 10, 2014, and a motion for reconsideration of the Gianaris Contempt Order on September 20, 2015. He resubmitted those motions, which appear on the docket as a motion for reconsideration of the 7/24/14 order

5

and a request for a ruling on his Cross-Motion filed on February 7, 2014. *See* Motion ("Sixth Motion for Reconsideration), DE [186].

## II. DISCUSSION

### A. Plaintiff's Motions for Reconsideration

It is clear that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSC Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not a substitute for appeal nor is it a mechanism for repeatedly raising the same issues. Although the standards for motions for reconsideration have been stated previously, plaintiff still appears to believe that such a motion is appropriate after every adverse ruling. The motions currently before the Court are merely the continuation of plaintiff's pattern of filing such motions.

The Fourth Motion for Reconsideration seeks re-examination of the 9/21/15 Order denying plaintiff's motion pursuant to Rule 60(d). The gravamen of this motion is plaintiff's repeated allegations regarding the fabrication of evidence by defendants, a contention that has been rejected by the Court time and time again.

The Fifth Motion for Reconsideration is also addressed to the 9/21/15 Order and argues that the Court "wrongly concluded that it has ruled on the second and third motion for reconsideration." To correct this supposed error, plaintiff filed his Sixth Motion for Reconsideration, which appears to be the re-filing of motions seeking reconsideration of the Contempt Motion and the Gianaris Contempt Motion. The Fifth and Sixth Motions for Reconsideration again simply re-hash arguments raised and rejected previously. To the extent plaintiff seeks reconsideration of the Contempt Motion, he merely reiterates his allegations about

falsified evidence and testimony.  Although plaintiff in the Sixth Motion for Reconsideration states that the Court failed to rule on his Cross Motion, that motion was decided as part of the 9/21/15 Order.

Upon review of the motions, the Court finds that plaintiff has presented no new evidence or fact warranting reconsideration of any of the prior orders.  The fact that the Court does not agree with his interpretation of the evidence does not mean that it has "overlooked" it.  As plaintiff raises nothing new, the Fourth, Fifth, and Sixth Motions for Reconsideration are denied.

**B. Motion for Sanctions**

1.  Defendant Maroulleti's Motion for Sanctions

Defendant Maroulleti has moved for the imposition of sanctions, including a filing injunction and an award of attorneys' fees.  That motion is granted.

Any federal court has the inherent authority to control proceedings before it and "may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991)).  To impose sanctions, the court must find that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir.1999)).

Plaintiff has now filed seven (7) motions for reconsideration or to set aside the judgment since his direct appeals were completed in June 2013.  He has received express warnings from the Court regarding the consequences of repeated frivolous filings, including a filing injunction,

and has ignored them.  Plaintiff has demonstrated a clear penchant for filing duplicative, vexatious motions.  As these motions address the same topic and have been resolved by this Court on numerous occasions, he cannot have an objective good faith expectation that he will succeed on the same arguments he has unsuccessfully made on repeated occasions.  The defendants in this case prevailed over five (5) years ago, yet still must consider each new filing by plaintiff and decide whether such filing must be addressed, thus incurring further costs.  The burden on the Court is similarly not inconsiderable.

In considering whether to impose sanctions, the Court finds that the previous warnings have had absolutely no effect on plaintiff's behavior.  To the contrary, his response to defendant's motion for sanctions confirms that he is intent on "his continuing pursuit of justice."  Plaintiff's 2d Motion for Sanctions, at 7.  The fact that his case has been dismissed for years and his direct appeals exhausted has not dissuaded plaintiff.  Indeed, he believes that the appeal decisions are inconsequential – "[b]ecause Plaintiff lost the appeal, is not any evidence that this Court has not been defrauded.  Plaintiff presented undisputed evidence that the defendants defrauded the court and the judgment was obtained by fraud. . . . Regarding the Supreme Court it has repeatedly stated that denying a petition does not mean that the district court's decision was correct and just."  *Id.*

The use of sanctions under the inherent authority of the court is appropriate.  Plaintiff's claims are baseless, and his actions of repeatedly raising the same claims despite the Court's rulings and express warnings compel the conclusion that the motions are motivated by an improper purpose, namely harassment of defendants.  Accordingly, plaintiff will be barred from filing any additional papers in this case, 08-CV-0310, and any materials received by the Court will be rejected without docketing.

Defendant's request for attorneys' fees is granted. Defendant shall submit an attorneys' fees application documenting the time spent preparing her motion for sanctions and for reviewing the motions resolved by this order. The fee application shall be electronically filed by **June 28, 2016.**

2. Injunction Against Filing Further Actions

In addition to a bar on further filings in this closed case, the Court finds that a filing injunction preventing plaintiff from any future attempt to re-litigate these claims against defendants may also appropriate. District courts are authorized under the All Writs Act to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This authority includes the power to enjoin parties from filing additional lawsuits. *See MLE Realty Assocs. v. Handler,* 192 F.3d 259, 261 (2d Cir. 1999). Indeed, "[a] district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985). The Second Circuit has identified five factors that should be weighed by the district court in considering whether a litigant's future access to the courts should be restricted:

> (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York City Bd. of Elections,* 126 F. App'x 27, 29 (2d Cir. 2005) (citing *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)). "Ultimately, the question the court must

answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir,* 792 F.2d at 24.

Although plaintiff has filed only one lawsuit to date, his actions in this case have been vexatious, harassing, and duplicative. Given plaintiff's relentless conduct in continually bringing the same allegations against defendants in repeated motions despite numerous court rulings, a filing injunction regarding future litigation is likely necessary. Before imposing such an injunction, however, the Court must first provide a litigant with notice and an opportunity to be heard. *See Lau v. Medddaugh,* 229 F.3d 121, 123 (2d Cir. 2000). Although plaintiff was specifically warned about the possibility of the imposition of a filing injunction, the Court will, in an abundance of caution, allow plaintiff another opportunity to be heard. Accordingly, **Armatas is directed to show cause, by filing an affidavit on or before July 12, 2016,** why an order should not issue enjoining him from filing any new civil action or proceeding in federal court against these defendants and their counsel without first obtaining leave of the Court by requiring him: (1) to file a motion for leave to commence a new action or proceeding, setting forth the good faith basis for the filing of a new action or proceeding, within twenty (20) days of the filing of any complaint, petition, or pleading, or the action will be *sua sponte* dismissed with prejudice and without further notice to plaintiff; and (2) append a copy of the injunction order to any complaint, petition or pleading sought to be filed and served upon all parties to the action or proceeding with the summons and complaint. Nothing in the injunction order shall be construed to limit plaintiff's access to any United States Court of Appeals on any matter.

**ARMATAS'S FAILURE TO FILE AN AFFIDAVIT IN ACCORDANCE WITH THIS ORDER TO SHOW CAUSE, OR TO OTHERWISE RESPOND TO THIS ORDER**

**TO SHOW CAUSE, SHALL RESULT IN THE ENTRY OF THE AFOREMENTIONED INJUNCTION ORDER WITHOUT FURTHER NOTICE.**

      3.  <u>Plaintiff's 2d Sanctions Motion</u>

Plaintiff, in his opposition to defendant's motion for sanctions, cross-moved for sanctions against Maroulleti and her attorney on the basis that they "continue to mislead, deceive and defraud the court." Plaintiff's 2d Sanctions Motion at 7. He seeks monetary sanctions and the referral of Maroulleti's counsel to the Grievance Committee. Plaintiff's request is based upon his familiar, unsubstantiated claims alleging fraud, and is baseless. Accordingly, his cross-motion for sanctions is denied.

**III.    CONCLUSION**

For the reasons stated above, plaintiff's Fourth, Fifth, and Sixth Motions for Reconsideration, DE [182], [185], and [186], respectively, and Plaintiff's 2d Motion for Sanctions, DE [184], are denied.

Defendant Maroulleti's motion for sanctions [183] is granted; her attorneys' fees application shall be filed and served **by June 28, 2016.** Plaintiff may, but is not required to, respond to the attorneys' fees application, but only to address the amount of the fee or the billing rate sought. If plaintiff chooses to respond, he shall do so **by July 12, 2016.**

Armatas is directed to show cause **on or before July 12, 2016,** why an order should not issue **enjoining him from filing** any new action or proceeding against these defendants and their counsel in federal court without first obtaining leave of court. **PLAINTIFF IS WARNED THAT ANY ATTEMPT TO RE-LITIGATE HIS CLAIMS IN EITHER (a) RESPONSE TO THE ATTORNEYS' FEES APPLICATION OR (b) RESPONSE TO THE ORDER TO**

**SHOW CAUSE, WILL BE MET WITH THE IMPOSITION OF FURTHER MONETARY SANCTIONS.**

With two (2) exceptions, plaintiff's response to the amounts sought in defendant's attorneys' fees application and his response to the Order to Show Cause, Plaintiff is barred from filing any additional papers in this case, 08-CV-0310, and any materials received by the Court will be rejected and will not be docketed.

**SO ORDERED.**

s/ Sandra J. Feuerstein  
Sandra J. Feuerstein  
United States District Judge

Dated: June 21, 2016  
       Central Islip, New York